UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DANIEL W. TOWNLEY,**
    **Plaintiff,**

    v.                                           Case No. 15-C-1301

**VILLAGE OF CALEDONIA,**
**CITY OF RACINE, COUNTY OF**
**RACINE, and STATE OF WISCONSIN,**
    **Defendants.**

---

## DECISION AND ORDER

Plaintiff Daniel Townley, proceeding pro se, has filed a complaint in this court against the Village of Caledonia, the City of Racine, the County of Racine, and the State of Wisconsin. He also seeks leave to proceed without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915. Having reviewed Townley's declaration of indigence, I conclude that he cannot afford to prepay the filing fee and will grant his motion to proceed under § 1915.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). Some of the claims alleged in Townley's complaint are frivolous, including his claims for "treason" and "tyranny." However, Townley has also alleged claims for unreasonable search and seizure in violation of the Fourth Amendment. Such claims may be actionable under 42 U.S.C. § 1983.

Townley has not identified the specific individuals who committed the alleged Fourth Amendment violations, but he has named as defendants several municipalities. Those municipalities could be liable under § 1983 if Townley is able to show that any constitutional violation was caused by an official municipal policy. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). At this point, I will not dismiss the complaint and will direct the Marshals Service to serve the complaint on the municipal defendants. My allowing the complaint to proceed at this time shall not preclude a defendant from seeking dismissal of any claim or claims in the complaint on any appropriate ground.

However, the State of Wisconsin will be dismissed as a defendant. States are not "persons" within the meaning of § 1983 and therefore are not proper defendants to a § 1983 claim. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

In addition to filing a complaint and a motion under § 1915, Townley filed several other documents, one of which the Clerk of Court docketed as a "motion to suppress." The documents appear to be related to the "sovereign citizen" movement or some similar fringe movement. These documents, and the purported motion to suppress, do not contain any requests for relief that could be granted by this court. Thus, the court will deny the motion to suppress and will disregard the other documents.

Accordingly, **IT IS ORDERED** that plaintiff's motion to proceed without prepaying the filing fee is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to suppress is **DENIED**.

**IT IS FURTHER ORDERED** that the State of Wisconsin is **DISMISSED** as a party to this case.

**FINALLY, IT IS ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the remaining defendants. Plaintiff is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Congress has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Dated at Milwaukee, Wisconsin this 13th day of November, 2015.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge

3

Case 2:15-cv-01301-WED   Filed 11/13/15   Page 3 of 3   Document 7